IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

ANTOINE M. MIDDLETON,
    Plaintiff,

vs.                              Case No.: 5:07cv207/RS/EMT

DR. EFOING ANDEM, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

    This cause is before the court on Plaintiff's civil rights complaint filed pursuant to 42 U.S.C. §1983 (Doc. 1). Leave to proceed in forma pauperis has been granted (Doc. 4).

    Because Plaintiff is proceeding in forma pauperis, the court may dismiss the case if satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," *id.*, 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 31, 112 S. Ct. 1728, 1733, 118 L. Ed. 2d 340 (1992). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1485 (11th Cir. 1997). The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff. Davis v. Monroe County Bd. of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997). The complaint may be dismissed if the facts as plead do not state a claim to relief that is plausible on its face. *See* Bell Atl. Corp. v. Twombly, No. 05-1126, 2007 WL 1461066, at *10–*11, *14 (May 21,

2007) (retiring the often-criticized "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim). Upon review of the complaint, the court concludes that it appears beyond doubt that Plaintiff has failed to state a plausible claim to relief; therefore, dismissal of this action is warranted.

Plaintiff, an inmate of the state penal system, names four Defendants in this action: Dr. Efoing Andem, Chief Health Officer at Holmes Correctional Institution (HCI); R. Tift, Warden at HCI; Dr. Cantorini, a doctor at a regional medical center of the Florida Department of Corrections (DOC); and the DOC (Doc. 1 at 1). Plaintiff alleges that on July 1, 2005, Dr. Cantorini performed hernia surgery on Plaintiff's abdominal area (*id*. at 7). Since that time, Plaintiff has been repeatedly examined by medical staff, including Dr. Andem, regarding persistent pain in his abdominal area (*id*.). Members of the medical staff, including Nurse Wright, Nurse Steele, and Dr. Wahl, advised Plaintiff that the only way to resolve the issue is corrective surgery, and they scheduled Plaintiff for appointments with Dr. Andem, the Chief Health Officer (*id*.). Dr. Andem has been repeatedly providing Plaintiff will pain medication, stool softeners, and passes exempting Plaintiff from work and permitting him to "lay in," but Dr. Andem refuses to schedule surgery (*id*.). Plaintiff filed a grievance addressed to Warden Tift on March 5, 2007, and appeals to the central office of the DOC, but they were denied (*id*.). Plaintiff claims that the DOC and Dr. Andem are failing to provide adequate medical treatment for his condition (*id*. at 8) He additionally claims that Dr. Cantorini committed medical malpractice by improperly operating on him (*id*.). As relief, Plaintiff seeks an injunction requiring Defendants to provide surgery (*id*.).

Initially, Plaintiff has failed to state a basis for liability as to Warden Tift and the DOC. Supervisory officials are not liable under section 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability. *See* Cottone v. Jenne, 362 F.3d 1352, 1360 (11th Cir. 2003) (internal quotation marks and citations omitted). Supervisory liability may occur, however, either when the supervisor personally participates in the alleged unconstitutional conduct or when there is a causal connection between the actions of a supervising official and the alleged constitutional deprivation. *Id.* (citation omitted). This connection may be established "when a history of widespread abuse puts the responsible supervisor on notice of the

need to correct the alleged deprivation, and he fails to do so, or when a supervisor's custom or policy 'result[s] in deliberate indifference to constitutional rights' or when facts support 'an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so.'" *Id.* (internal quotation marks and citations omitted); Wayne v. Jarvis, 197 F.3d 1098, 1105 (11th Cir. 1999).

Isolated incidents are generally insufficient to establish a supervisor's liability; indeed, the deprivations must be "'obvious, flagrant, rampant and of continued duration . . . .'" Gray ex rel. Alexander v. Bostic, 458 F.3d 1295, 1308 (11th Cir. 2006) (quoting Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999)). Furthermore, filing a grievance with a supervisory person does not alone make the supervisor liable for the allegedly violative conduct brought to light by the grievance, even if the grievance is denied. Wayne, 197 F.3d at 1106; Weaver v. Toombs, 756 F. Supp. 335, 337 (W.D. Mich. 1989), *aff'd*, 915 F.2d 1574 (6th Cir. 1990); *see also* Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir. 1984). Knowledge imputed to the supervisor "must be so pervasive that the refusal to prevent harm rises to the level of a custom or policy of depriving inmates of their constitutional rights." Tittle v. Jefferson County Com'n, 10 F.3d 1535, 1542 (11th Cir. 1994). The failure to act or implement policy must be in the face of repeated violations or other indicators signifying a strong likelihood that the situation will recur. *See* Harris v. City of Marion, 79 F.3d 56, 58–59 (7th Cir. 1996). Supervisors are generally entitled to rely on their subordinates to respond appropriately to situations absent clear or widespread evidence to the contrary. "The standard by which a supervisor is held liable in [his] individual capacity for the actions of a subordinate is extremely rigorous." Cottone, 362 F.3d at 1360 (internal quotation marks and citation omitted).

In the instant case, Plaintiff does not allege facts showing that Warden Tift personally participated in the alleged deprivation of medical treatment, that the violation occurred as a result of a policy at HCI or the DOC, or that there was otherwise a causal connection between the alleged constitutional violation and the actions of Warden Tift or DOC administration. The mere fact that the Warden and the DOC denied Plaintiff's grievances is insufficient to state a plausible basis for liability as to these Defendants. Therefore, Plaintiff's claims against Warden Tift and the DOC should be dismissed.

Additionally, Plaintiff has failed to state a claim as to Dr. Andem and Dr. Cantorini. It is well settled that the government has a constitutional duty to provide minimally adequate medical care to prisoners. Harris v. Thigpen, 941 F.2d 1495, 1504 (11th Cir. 1991). Medical treatment violates the Eighth Amendment "only when it is 'so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness.'" *Id.* at 1505 (citing Rogers v. Evans, 792 F.2d 1052, 1058 (11th Cir. 1986)). Incidents of mere negligence or malpractice do not rise to the level of constitutional violations. *Id.* (citing Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976)).

Stating an Eighth Amendment claim of denial of adequate medical care requires satisfying both an objective and subjective component. Taylor v. Adams, 221 F.3d 1254, 1257 (11th Cir. 2000). First, there must be conduct by prison officials which, objectively speaking, is "sufficiently serious" to constitute a deprivation "'denying the minimal civilized measure of life's necessities.'" *Id.* (quoting Wilson v. Seiter, 501 U.S. 294, 298, 111 S. Ct. 2321, 115 L. Ed. 2d 271 (1991) (internal quotation omitted)). Second, the prison officials must possess a subjective intent to use the medical deprivation as a means of punishment. *Id.* (citations omitted).

Both the objective and subjective components encompass two subsidiary requirements. Taylor, 221 F.3d at 1258. As to the objective prong, an objectively serious deprivation requires showing an objectively "serious medical need." Estelle, 429 U.S. at 104. A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Hill v. DeKalb Regional Youth Detention Center, 40 F.3d 1176, 1186 (11th Cir. 1994); *see* Farmer v. Brennan, 511 U.S. 825, 834, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994) (serious medical need is one that, if left unattended, "pos[es] a substantial risk of serious harm."). In addition, an objectively serious deprivation requires showing that the response made by Defendants to that need was so deficient as to constitute "an unnecessary and wanton infliction of pain." Estelle, 429 U.S. at 105–06 (internal quotation marks omitted); *see* Taylor, 221 F.3d at 1257; *see also* Adams v. Poag, 61 F.3d 1537, 1543–44 (11th Cir. 1995).

To show the required subjective intent to punish, Plaintiff must demonstrate that Defendants acted with an attitude of "deliberate indifference." Estelle, 429 U.S. at 105. "Deliberate

indifference has three components: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence." Farrow v. West, 320 F.3d 1235, 1245–46 (11th Cir. 2003) (citing McElligott v. Foley, 182 F.3d 1248, 1255 (11th Cir. 1999) and Taylor, 221 F.3d at 1258 (stating that defendant must have subjective awareness of an "objectively serious need" and that his response must constitute "an objectively insufficient response to that need")).

     A complete denial of readily available treatment for a serious medical condition constitutes deliberate indifference. Harris v. Coweta County, 21 F.3d 388, 393 (11th Cir. 1994). However, where the inmate has received medical treatment, and the dispute is over the adequacy of that treatment, courts should be reluctant to question the accuracy or appropriateness of the medical judgments that were made. Harris, 941 F.2d at 1507 (quoting Waldrop v. Evans, 871 F.2d 1030, 1035 (11th Cir. 1989)). To do otherwise would be "to constitutionalize claims that sound in tort law." Hamm v. DeKalb County, 774 F.2d 1567, 1575 (11th Cir. 1985) (quotation omitted).

     In the instant case, Plaintiff concedes that Dr. Cantorini treated his hernia with surgery, and he admits that Dr. Andem treated his subsequent condition with pain medication, stool softeners, and passes exempting him from work and permitting him to "lay in." Plaintiff contends that more should be done by way of treatment, specifically, that he should be given surgery; however, the question of whether surgery is indicated is a classic example of a matter for medical judgment. A medical decision by the Chief Health Officer not to order surgery does not represent cruel and unusual punishment. At most, Plaintiff alleges medical malpractice against Drs. Cantorini and Andem, and as such the proper forum is the state court. *See* Estelle, 429 U.S. at 107–08 (inmate failed to state a claim of deliberately indifferent medical care where doctor diagnosed inmate's back pain as back strain and treated it with bed rest, muscle relaxants, and pain relievers, despite inmate's contentions that other diagnostic techniques and treatment for pain could have been pursued). Because the facts alleged by Plaintiff failed to state a plausible claim that Drs. Cantorini and Andem were deliberately indifferent to his medical needs, his constitutional claims against these Defendants should be dismissed.

     To the extent Plaintiff brings state law malpractice claims pursuant to the court's supplemental jurisdiction under 28 U.S.C. § 1367, his claims should be dismissed. It is well

established that once Plaintiff's federal claims are dismissed, there remains no independent federal jurisdiction to support the court's exercise of supplemental jurisdiction over the state claims against Defendants. *See* Baggett v. First National Bank of Gainesville, 117 F.3d 1342, 1352 (11th Cir. 1997). Title 28 U.S.C. § 1367(c)(3) provides that the district court may decline to exercise supplemental jurisdiction over claims after it has dismissed all claims over which it has original jurisdiction. *See also* United Mine Workers v. Gibbs, 383 U.S. 715, 725-26, 86 S. Ct. 1130, 1138–39, 16 L. Ed. 2d 218 (1966). Where § 1367(c) applies, considerations of judicial economy, convenience, fairness, and comity may influence the court's discretion to exercise supplemental jurisdiction. Baggett, 117 F.3d at 1353 (citing Palmer v. Hospital Authority of Randolph County, 22 F.3d 1559, 1569 (11th Cir. 1994); Executive Software N. Am. v. United States Dist. Court, 15 F.3d 1484, 1493 (9th Cir. 1994); New England Co. v. Bank of Gwinnett County, 891 F. Supp. 1569, 1578 (N.D. Ga.1995); Fallin v. Mindis Metals, Inc., 865 F. Supp. 834, 841 (N.D. Ga.1994)). Taking these factors into account in this case, the court concludes that Plaintiff's state law claims should be dismissed to permit him to pursue his state law claims in a more appropriate forum. While it would be convenient for the Plaintiff to continue litigating his case in this court, this court has a substantial number of original jurisdiction cases awaiting review, and neither judicial economy nor fairness to other litigants supports retaining jurisdiction of Plaintiff's state claims and delaying justice in other cases. Furthermore the state court is best equipped to research and rule on matters of state law, and comity would suggest that it should be allowed to do so, particularly since the criminal proceedings arising out of the issues at hand were conducted in that court.

Accordingly, it is respectfully **RECOMMENDED**:

1. That Plaintiff's federal claims against Defendants be **DISMISSED with prejudice** for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

2. That Plaintiff's state law claims be **DISMISSED without prejudice** to Plaintiff's right to assert them in state court.

3. That this action be **DISMISSED** and the clerk be directed to close the file.

At Pensacola, Florida, this 28th day of September 2007.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* **28 U.S.C. § 636;** <u>United States v. Roberts</u>, **858 F.2d 698, 701 (11th Cir. 1988)**.